Aline **WATSON, Administratrix, Estate of Leston Watson, Deceased, et al.,** Appellants,

v.

**Emil KAMENICKY, Appellee.**

No. 10472.

Court of Civil Appeals of Texas.

Austin.

April 17, 1957.

Leachman, Gardere, Akin & Porter, Gordon H. Rowe, Jr., Dallas, for appellants.

J. P. Darrouzet, William H. Cowan, Arthur Mitchell, Austin, for appellee.

GRAY, Justice.

This appeal is from a judgment overruling appellants' pleas of privilege. They are residents of Dallas County and prayed that this cause be transferred to that county.

Appellee, Emil Kamenicky, sued appellants, Wesley Lyons DeVoe and Aline Watson, for property damages resulting from a truck collision. Wesley Lyons DeVoe was the driver and Aline Watson was the successor to Leston Watson, deceased, as the owner of the truck involved.

On October 27, 1955, at about 5:30 P.M. (about sundown) appellee was driving his truck and trailer south on highway 81 in Travis County some two or three miles north of the city limits of Austin. At this point highway 81 is a six-lane highway— three lanes for northbound traffic and three lanes for southbound traffic. There was also a graveled shoulder along the west side of the highway. Appellee was traveling at about thirty miles per hour in the west and right-hand lane and was followed by another truck in the same lane. As appellee proceeded up a hill he saw appellants' truck in the west lane and thought it was slowly moving up the hill, however it was stopped. When appellee discovered the truck was stopped he applied his brakes but was unable to stop and a collision followed. The right front of appellee's truck struck the left rear of a tandem dual wheel lowboy attached to appellants' truck resulting in damage to appellee's truck for which he sued. Appellee said he could not turn into the lane to his left because the truck behind him was attempting to pass.

Prior to the collision Wesley Lyons DeVoe was told by motorists that he had a flat tire, he then pulled his truck into the right-hand or west lane of the highway and stopped to change the tire. The collision occurred while he was so stopped.

It is not disputed that Aline Watson was the owner of the truck driven by Wesley Lyons DeVoe, that he was in the course of his employment at the time, that the truck was stopped in the west lane of the highway, that red flags or portable reflector units or other warnings were not displayed and that the collision resulted in damage to appellee's truck.

■ Appellee alleged that the collision resulted from the negligence of appellants in six specific acts of omission and commission, and that such acts of negligence were each a proximate cause of the collision and the resulting damages.

Sec. 138(a) of Art. 6701d, Vernon's Ann. Civ.St., in part, provides:

"Whenever any motor truck passenger bus, truck tractor, trailer, semi-

trailer, or pole trailer is disabled upon the traveled portion of any highway or the shoulder thereof outside of any municipality at any time when lighted lamps are required on vehicles the driver of such vehicle shall display the following warning devices upon the highway during the time the vehicle is so disabled on the highway * * *."

Sec. 109 of Art. 6701d, supra, provides that lighted lamps shall be required on vehicles "from a half hour after sunset to a half hour before sunrise" and at other times when there is not sufficient light by which persons and vehicles can be clearly seen at a distance of 500 feet ahead.

Subsections (c) and (d) of Sec. 138, supra, provides:

"(c) Whenever any vehicle of a type referred to in this Section is disabled upon the traveled portion of a highway or the shoulder thereof, outside of any municipality at any time when the display of fusees, flares, or electric lanterns is not required, the driver of such vehicle shall display two red flags upon the roadway in the lane of traffic occupied by the disabled vehicle, one at a distance of approximately one hundred (100) feet in advance of the vehicle, and one at a distance of approximately one hundred (100) feet to the rear of the vehicle.

"(d) In the alternative it shall be deemed a compliance with this Section in the event three (3) portable reflector units on standards of a type approved by the department are displayed at the times and under the conditions specified in this Section either during the daytime or at nighttime and such portable reflector units shall be placed on the roadway in the locations as described with reference to the placing of electric lanterns and lighted flares."

From what has already been said it may be here stated that an act or omission constituting negligence occurred in Travis County and that such negligence was that of the driver of the truck individually and acting in the course of his employment with the owner. It then remains to be determined whether such negligence is shown to be a proximate cause of appellee's damages. Exception (9a) of Art. 1995, Vernon's Ann. Civ.St. The inquiry being as to venue and not liability we need not discuss all allegations of negligence.

The evidence shows that at the time the collision occurred appellants' truck had been stopped for a period of time (length of time not shown) and that the driver was in the process of changing a tire. There was no attempt made to comply with the requirements supra as to red flags and reflector units. The time was just before sunset and visibility was unobstructed. Appellee was driving his truck at about thirty miles per hour, he first saw appellants' truck when he was within about 120 feet of it, he then thought it was slowly moving up the hill and did not realize it was stopped until he was within about thirty feet of it at which time he could not turn into his left lane because of the truck behind him which was attempting to pass. Appellee testified that at the rate of speed he was traveling he could have stopped his truck in 45 to 50 feet.

Subsections (c) and (d), supra, made it the duty of the driver of the stopped truck to place red flags or reflector units 100 feet to the rear of the truck (also in front of it). They were not so placed and of course as appellee testified he did not see them. He said " * * * he had no signs of no kind, no flares, no flag or nothing else out there to prevent any wreck whatsoever."

Appellee had been driving a truck for 30 or 32 years and when there were no flags or other warning devices displayed to warn him that a vehicle was stopped ahead then factually it was not unreasonable for him to assume that the truck ahead was moving. If the warnings had been placed as the law required then appellee would have had more than enough distance in

which to stop his truck and avoid the collision.

The trial court found that appellants were guilty of negligence and that such negligence was a proximate cause of appellee's damages. These were issues of fact for the trial court, 30–B Tex.Jur., Sec. 165, p. 432, and such findings being supported by the evidence they must be sustained. It follows that the pleas of privilege were properly overruled.

The judgment of the trial court is affirmed.

Affirmed.